IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Donnie Mack Malpass, #164744, ) | |
| Plaintiff, ) | Civil Action No. 8:08-3243-SB-BHH |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Cpl. Dean l. Gibson and ) | |
| Cpl. Wendy Childers, ) | |
| Defendants. ) | |

The Plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the Defendants' Motion for Summary Judgment. (Dkt. # 19).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on September 9, 2008, seeking damages for alleged civil rights violations. In their Answer, the Defendants filed a counterclaim. On March 5, 2009, the Defendants filed a Motion for Summary Judgment. By order filed March 6, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 25, 2009, the Plaintiff filed a response opposing the Defendants' Summary Judgment Motion.

# FACTS

The Plaintiff is currently incarcerated in the Kershaw Correctional Institution. In his complaint, the Plaintiff alleges that on June 20, 2007, he was sleeping on the sidewalk when the Defendants Cpl. Dean Gibson and Cpl. Wendy Childers stopped and approached him. (Compl. at 3.) He alleges that the officers picked him up and placed him in the back of their patrol car. *Id.* He states that the officers then asked a neighbor if he could identify

the plaintiff and the neighbor informed them of his identity.  *Id*.  He states the neighbor left and the officers began calling him a child molester.  He states Officer Childers got into the back seat of the patrol car and pulled the plaintiff's head back with her flashlight and Officer Gibson beat him in the head.  (Compl. at 3-4.)  He claims that the officers beat him unconscious three times. (Compl. at 4.)  He alleges that while he was unconscious, Officer Childers beat his left leg until he regained consciousness.  *Id.*  He states that the officers then took him to the county jail and charged him with, among other things, assault on a police officer of a high and aggravated nature because Officer Gibson had broken his right hand while beating the plaintiff in the head.  *Id.*  The Plaintiff was charged with public intoxication and two counts of assault on a police officer.  The Plaintiff was acquitted on the assault charges.  (Pl.'s Mem. Opp. Summ. J. Mot. Exs. 2 & 3.)

The Plaintiff alleges he is "having a lot of trouble with [his] neck and back now and can't get any treatment for it here."  (Compl. at 5.)  He is seeking five million in damages from each Defendant.  *Id.*

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Excessive Force Claim**[1]

The Plaintiff alleges that when the Defendant officers arrested him they used excessive force. The Defendants contend that Plaintiff has failed to state an excessive force claim. The undersigned agrees.

The Fourth Amendment provides protection against force during arrest. *Graham v. Connor*, 490 U.S. 386 (1989). All claims of use of excessive force during an arrest are analyzed under the Fourth Amendment. *Id.* at 395. Under the Fourth Amendment, the test for excessive force in an arrest context requires "balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the

---

[1]To the extent that the Plaintiff is attempting to bring a claim of denial of medical care (Compl. at 5), this claim should be dismissed as the Defendants named in this action would not be the proper defendants as they were merely the arresting officers and there are no allegations that the Plaintiff requested medical care from them.

3

governments interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). Claims of excessive use of force during an arrest are considered under an "objective reasonableness" standard. The objective reasonableness test requires careful attention to circumstances of particular case, including the severity of the crime, whether the suspect poses immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham,* 490 U.S. at 396; *Foote v. Dunagan,* 33 F.3d 445 (4th Cir. 1994). The focus is on reasonableness at the moment, recognizing that officers are often force to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving. *Graham,* 490 U.S. at 396.[2] Furthermore, courts have "long recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id*. (citations omitted). This right is obviously greater when the suspect is resisting arrest and refusing to comply with the officer's orders.

As noted above, the Plaintiff alleges that on June 20, 2007, he was sleeping on the sidewalk when the Defendants Cpl. Dean Gibson and Cpl. Wendy Childers stopped and approached him. (Compl. at 3.) He alleges that the officers picked him up and placed him in the back of their patrol car. *Id.* He states that the officers then asked a neighbor if he could identify the plaintiff and the neighbor informed them of his identity. *Id*. He alleges the Defendant Officers called him a child molester and beat him.[3]

---

[2] The undersigned notes that the de minimis injury rule does not apply to claims of excessive force during the course of an arrest, for those claims assert a violation of the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See Bibum v. Prince George's County,* 85 F.Supp.2d 557, 562-63 (D.Md. 2000). While the degree of injury inflicted may be evidence of the amount of force used in effecting the arrest, and thus the reasonableness of the seizure, it is not determinative of the question whether there has been a constitutional violation. *See e.g. Bass v. Robinson,* 167 F.3d 1041, 1046 n. 1 (6th Cir.1999) ("A factor that is not crucial to an analysis of a claim for excessive force in violation of the Fourth Amendment is the extent of injury inflicted. This factor is relevant to a claim brought under the Eighth Amendment for cruel and unusual punishment.").

[3] The undersigned notes that the Plaintiff specifically states that he is not attempting to bring a claim based upon the alleged slanderous remarks made by the officers. (Dkt. # 25 - Pl.'s Mem. Opp. Summ. J. Mot. at 3-4.) He states the slanderous remarks are evidence of the intent of the officers and support his allegation that the officers were not attempting to restore discipline. *Id.*

The Plaintiff states Officer Childers got into the back seat of the patrol car and pulled the plaintiff's head back with her flashlight and Officer Gibson beat him in the head. (Compl. at 3-4.) He claims that the officers beat him unconscious three times. (Compl. at 4.) He alleges that while he was unconscious, Officer Childers beat his left leg until he regained consciousness. *Id.* The Plaintiff alleges he has "a lot of trouble with [his] neck and back pain." (Compl. at 5.)

In their affidavits, Officers Gibson and Childers aver that they arrested the Plaintiff at approximately 5 a.m. on June 20, 2007, when they found him partially lying in the road. (Defs.' Mem. Supp. Summ. J. Mot. Exs. 1 & 2 -Gibson Aff. ¶¶ 3, 4; Childers Aff. ¶¶ 3, 4.) They state that he smelled heavily of alcohol and appeared to be very intoxicated. (Gibson Aff. ¶¶ 5, 6; Childers Aff. ¶¶ 4, 5.) They state that the Plaintiff was so impaired that they had to assist him into the patrol car. (Gibson Aff. ¶ 7; Childers Aff. ¶ 6). They state that the Plaintiff spit in Officer Childers' face and called her profane names. (Childers Aff. ¶ 6; Gibson Aff. ¶ 8.) They state that after they secured the Plaintiff in the back of the patrol car, he was extremely combative, kicking, threatening, and cursing at the officers. (Childers Aff. ¶ 9.)

Wanda Little booked the Plaintiff into the Union County Jail and she testified at the Plaintiff's criminal trial that the Plaintiff smelled strongly of alcohol and was cursing and unruly. (Defs.' Mem. Supp Summ. J. Mot. Ex. 7 at 12-13.) She stated that she attempted to book the Plaintiff, but he would not cooperate and therefore he was placed into a holding cell to be booked later. *Id.* at 13. When the Plaintiff had calmed down, Officer Gibson, and Larry Dixon, went into the holding cell to serve the Plaintiff with his ticket and the Plaintiff punched Officer Gibson in the head. (*Id*. at 13; Gibson Aff. ¶¶ 15-16.) Officer Gibson and Dixon then wrestled the Plaintiff to the ground. (Gibson Aff. ¶ 19; Childers Aff. ¶¶ 13, 14.)

Based on the foregoing, the undersigned finds that the Defendant officers' actions were objectively reasonable in light of the circumstances confronting them, as the Plaintiff does not deny that he was intoxicated and combative and resisting arrest. Further, the

5

evidence reflects that the Plaintiff was still struggling and combative upon his arrival at the jail. The evidence in this case also reveals that the Plaintiff had been drinking and he was both physically and verbally abusive to the arresting officers and when he was being booked at the jail, that he physically resisted his arrest, and that it took several officers to subdue him at the jail.[4] The undersigned notes that at his criminal trial, the Plaintiff testified that he did not remember much about that night. (Defs.' Mem. Supp. Summ. J. Mot. Ex. 7 at 16.)

Viewing the facts in a light most favorable to the Plaintiff, the undersigned cannot conclude that the Defendants' actions and use of force were unreasonable under the circumstances. *See, e.g., Saucier v. Katz*, 533 U.S. 194, 205 (2001) ("Because 'police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation,' the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective.") (citations omitted) (*quoting Graham*, 490 U.S. at 395); *see also Crumley v. St. Paul,* 324 F.3d 1003, 1007 (8th Cir. 2003) (noting that the right to make an arrest or stop necessarily encompasses the right to use some degree of force to effect it).[5]

Liberally construing the Plaintiff's allegations as also raising a post-arrest claim of excessive force, this claim also fails. The Defendants contend the Plaintiff has failed to establish that his injuries were more than de minimis, and that the Plaintiff accordingly has failed to establish an injury sufficient to satisfy a constitutional threshold. The undersigned agrees.

---

[4] The evidence show s that the entire arrest lasted no more than eight minutes. The Defendant officers arrived on the scene at 5:20 a.m. and were en route to the jail at 5:28 a.m. They arrived at the jail at 5:36 a.m. (Defs.' Mem. Supp. Summ. J. Mot. Ex. # 7 at 17.).

[5] Even if it was determined that excessive force was applied, the officers are entitled to qualified immunity both because there was no violation of the Plaintiff's constitutional rights and because it would not be clear to a reasonable officer that the actions taken to restrain the belligerent Plaintiff were unlawful.

6

Post-arrest allegations are not analyzed under the Fourth Amendment. *Woods v. Cashier,* 2006 WL 2385275 n. 5 (D.S.C.2006) (holding "[o]nce an arrest has been effected, any excessive force claims are analyzed under the Fourteenth Amendment, which protects a pretrial detainee from the use of excessive force that amounts to punishment.") The Fourth Amendment governs only those claims of excessive force occurring at the time of arrest and claims of excessive force alleged to have occurred afterwards are governed by the Fourteenth Amendment standard applicable to pre-trial detainees. *Riley,* 115 F.3d 1159.

In *Riley,* the Fourth Circuit also rejected the "arresting officer" rule. 115 F.3d at 1159. Under the arresting officer rule, the Fourth Amendment standard applies to the entire period where the arrestee remains in the custody of the arresting officer. *See Powell v. Gardner,* 891 F.2d 1039, 1044 (2d Cir. 1989) (holding "Fourth Amendment standard probably should be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody (sole or joint) of the arresting officer"); *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir.1988) (holding Fourth Amendment seizure "continues throughout the time the person remains in the custody of the arresting officers"); *Robins v. Harum,* 773 F.2d 1004, 1010 (9th Cir.1985) (holding "once a seizure has occurred, it continues throughout the time the arrestee is in the custody of the arresting officers").

By the time the Plaintiff had arrived at the Union County Jail, he was lawfully arrested and being held as a pretrial detainee. *Stewart v. Beaufort County*, 481 F.Supp.2d 483 (D.S.C. 2007). Thus, the Plaintiff's excessive force claims which he alleges occurred after his arrest should be analyzed under the Fourteenth Amendment. *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998)(holding excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment.) A Fourteenth Amendment claim of excessive force exists where the defendant "inflicted unnecessary and wanton pain and suffering" on an arrestee or pretrial detainee, and where the force was

7

applied "maliciously and sadistically for the very purpose of causing harm." *Id.* at 483. However, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (*citing Hudson v. McMillian,* 503 U.S. 1 (1992)). Extraordinary circumstances are present when "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." *Id.* at 1263 n. 4 (internal citations and quotation marks omitted).

After being granted leave to file supplemental evidence to support his claims (Dkt. # 34), the Plaintiff recently filed medical records from July 3, 2007.[6] The medical records show that the Plaintiff wanted to "generate evidence about getting hit in the head, generating a concussion." (Dkt. # 35.) However, the Plaintiff's physical examination revealed the following:

> a four centimeter light bruise on the anterior left thigh and possibly an 8 cm area on the posterior of the left thigh which are tender to palpitation. No induration is noted. There is no abnormality in the skin on his face or head on the right temple where he says he was struck.

(Dkt. # 35.) He was diagnosed with a contusion, and it was noted that a CT scan or MRI would not demonstrate any damage and his contusions on his thighs were described as "superficial injuries which are healing." *Id.*

In order to hold an officer liable for excessive force, his actions must have directly and proximately caused the Plaintiff's injuries. *See Shaw v. Stroud,* 13 F.3d 791, 800 (4th Cir.1994) ( "the causal link in § 1983 cases is analogous to proximate cause"); *Slakan v. Porter,* 737 F.2d 368, 376 (4th Cir.1984) (holding that in excessive force cases pursuant to section 1983, "[t]hough their conduct may be fairly characterized as a breach of their legal and constitutional duties, they are not liable unless an affirmative casual link exists between their [a]ction and the harm suffered by [the plaintiff].").

---

[6]The Plaintiff also filed medical records from June 13, 2007. However, these records are clearly not helpful in supporting the Plaintiff's claim as they pre-date the alleged excessive force claims in this action. Interestingly, if anything, these records would negate the Plaintiff's claims. *See supra* at 9.

The plaintiff complains that he suffers from back and neck pain as a result of the alleged excessive force used by the Defendants. (Compl. at 5.) However, it appears the Plaintiff was suffering from back and neck pain for quite some time before his arrest and the alleged use of excessive force on June 20, 2007. On June 13, 2007, the Plaintiff was seen complaining of back and neck pain. (Dkt. # 35 - Pl.'s Supp. Evidence - Ex. 2 at 3-4.) It was noted that the Plaintiff had missed two appointments with a neurosurgeon due to his inability to pay. *Id.* at 3.

Even assuming the Plaintiff's allegations are true and that the Defendant officers continued to hit him after he was under control (i.e. after his arrest), the Plaintiff's claims still fail. At best, the Plaintiff suffered injuries which are categorized as de minimis. *See Taylor*, 155 F.3d at 484 (holding "temporary swelling and irritation is precisely the type of injury this Court considers de minimis."); *Stanley v. Hejirika,* 134 F.3d 629, 637-38 (4th Cir.1998) (holding "bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted de minimis injury); *Cox v. Gaskins,* 2003 WL 23857306, at *2 (E.D.N.C. May 30, 2003) (unpublished) (finding that two lacerations to plaintiff's head and an injury to his nose were de minimis injuries). On these facts, no reasonable jury could conclude that the Plaintiff's injuries were more than de minimis. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment is appropriate "if the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party"). Accordingly, the Defendants should be granted summary judgment.

**Defendants' Counterclaim**

Also, pending before the Court is the Defendant's counterclaim against the Plaintiff based upon his "intentional, reckless, grossly negligent, wilful, and wanton acts." (Dkt. # 12.) The Defendants' counterclaim is composed entirely of state law tort claims. The court should decline to exercise supplemental jurisdiction over the Defendants' counterclaim as

it is recommended that summary judgment be granted on the Plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).[7]

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 19) be GRANTED and the Complaint be DISMISSED with prejudice.

Further, if the District Court adopts this report, it is recommended that the Defendants' Counterclaim be DISMISSED without prejudice.

IT IS SO RECOMMENDED.

                                                           s/Bruce Howe Hendricks
                                                           United States Magistrate Judge

November 13, 2009
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[7]Federal courts have jurisdiction over claims that either present a federal question or are based on diversity of citizenship. *See* 28 U.S.C. §§ 1331; 1332. The Defendants' counterclaim involves neither, thus, there is no basis for original jurisdiction over the counterclaim.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).